*The final accounting in* JAMES H. ALLEN'S *Estate.*

THE Surrogate will not appoint a special guardian on the nomination of an executor, to examine the executor's accounts on behalf of a minor.

THE SURROGATE. The executor (who is also appointed by the will the general guardian of Fannie E. D. Allen, an infant legatee and devisee), has presented his petition

for final accounting, and on the return of the citations, has filed his account, with the vouchers.

The infant has been served with the citation. Her mother, Mrs. Allen, also a legatee under the will, presents her petition, asking for the appointment of Mortimer Porter, Esq., as special guardian for the infant on this accounting.

The person suggested is acceptable to the Surrogate, individually and professionally.

The only question then is, whether there may be any conflict of interest between the mother and minor daughter, which would make it improper for me, as a precedent, to appoint a special guardian for the latter, nominated by the former. And this question I am bound to consider on general principles, and without reference to the undoubted respectability of the gentleman suggested in this particular case.

The will establishes in the executor a trust as to all the personal property of the testator (except his household furniture, family stores, books and pictures), to invest the same, and pay over the interest and income (after commissions fixed), to the widow, Mrs. Allen, during her life or until her re-marriage; and then, if the daughter, Fannie, has arrived at age, to pay over the principal to her; but if she have not arrived at age, then to apply part of the income for her support and maintenance, and invest the remainder during minority, to be paid her at age, etc.

There is also a trust for the benefit of the daughter in the real estate, which it is not necessary to follow out.

I have written enough to show that the interests of mother and daughter are possibly conflicting; and that it is proper the special guardian whom the Surrogate appoints for the sole purpose of protecting the interest of the infant, should be a person entirely independent of every other interest than that of the infant. The responsibility imposed upon every Court and judicial officer in

dealing with the rights and property of minors, is very great. The Surrogate is frequently compelled to appoint special guardians and instruct them to oppose, to all reasonable extents, wills and accounts involving their interests adversely, but which are sustained by the nearest relatives of these infants, their own parents or brothers. The Surrogate could not even appoint the petitioner in this case, Mrs. Allen, the guardian of her own child, without adequate security. I cannot allow her, in a case in which it will be the duty of the special guardian to ascertain whether, for instance, the executor has encroached upon the capital for Mrs. Allen's benefit, and to the detriment of Fannie, to nominate that special guardian; not even though she names so acceptable a gentleman as Mr. Porter. In the next instance that might come before me, the widow might name some person who, through collusion, might allow the infant's interests to be imperiled.

The Surrogate will, therefore, appoint a disinterested counselor-at-law, stranger to the parties and to everything in the case, except the duties of his profession, to act as special guardian.